DAVID B. GOLUBCHIK (SBN 185520)
KURT RAMLO (State Bar No. 166856)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: kr@lnbyb.com; jsk@lnbyb.com

Attorneys for Plaintiff, Jaishri Mehta

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| JAISHRI MEHTA,<br><br>           Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>           Defendant. | Case No.<br><br>**Complaint For:**<br><br>**(1)    Violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 Et Seq.**<br><br>**(2)    Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(A)**<br><br>**(3)    Libel; and**<br><br>**(4)    Declaratory Relief**<br><br>**Demand for Jury Trial** |

Plaintiff Jaishri Mehta ("Plaintiff") hereby complains as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1367 for any supplemental state claims.

2.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c).

**PARTIES**

3.     Plaintiff is an individual residing in the City of Walnut, County of Los Angeles, California.

4.     Rajendra Mehta ("Mr. Mehta"), who is not a party to this action, is an individual residing in the City of Walnut, County of Los Angeles, California.  Mr. Mehta is the husband of Plaintiff, and jointly holds the Wells Fargo Account (defined below) at issue in this action with Plaintiff.

5.     Experian Information Solutions, Inc. ("Experian"), who is not a party to this action, is a consumer reporting agency ("CRA"), as defined by 15 U.S.C. § 1681.

6.     Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") is a financial institution that furnishes information to CRAs such as Experian. Defendant has a principal place of business located at 101 North Phillips Avenue, Sioux Falls, South Dakota 57104, and regularly conducts business in this district.

**GENERAL ALLEGATIONS**

7.     Plaintiff and Mr. Mehta jointly held a credit card account (credit card account no. ***0866) that was opened with Defendant on or around May 1989 (the "Wells Fargo Account").

8.     Plaintiff has worked hard to ensure that her bills are paid in full and on time every month, upon receiving billing statements for her accounts.  Plaintiff's creditworthiness, however, has been repeatedly compromised by the acts and omissions of Defendant as described below.

9.      Mr. Mehta is a Chapter 7 debtor in a bankruptcy case pending before the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Case No. 2:13-bk-34629-BB (the "Bankruptcy Case"), which was commenced on October 7, 2013 (the "Petition Date").  Based on certain alleged unpaid charges on the Wells Fargo Account, on August 12, 2014, Defendant filed proof of claim number 12 in the amount of $1,551.40 ("Claim No. 12") against Mr.

Mehta's bankruptcy estate.   A copy of Claim No. 12 is attached as **Exhibit "1"** hereto.

10.   Notwithstanding the fact that Plaintiff was not in bankruptcy and Defendant asserted that there was an outstanding balance on the Wells Fargo Account, since the Petition Date, Defendant failed to send any credit card statements (the "Statements") to Plaintiff to notify her: (1) of the outstanding balance on the Wells Fargo Account; and (2) when such outstanding balance was due, thus preventing her from timely or otherwise paying such outstanding amounts, despite Plaintiff's intentions of timely paying off these amounts.

11.   Although no Statements were sent to Plaintiff for her to pay off the outstanding balance on the Wells Fargo Account since the Petition Date, Defendant inaccurately, incompletely, and falsely reported to Experian that the status of the Wells Fargo Account was "delinquent" and, subsequently, "charged off."

12.   For example, in that certain "*Rental Report*" dated July 28, 2015 (the "Rental Report") obtained by Plaintiff, which uses data provided to it from Experian, the Wells Fargo Account was reported as "delinquent 180 days past due date," with nineteen (19) delinquency entries from January 2014 through July 2015. A redacted copy of the pertinent portions of the Rental Report is attached as **Exhibit "2"** hereto.

13.   Moreover, in a credit report dated July 27, 2016 (the "July 27 Credit Report") that was obtained by Plaintiff, the Wells Fargo Account was reported as "charged off," and twenty-nine (29) "charged off" entries appear for the months commencing October 2013 (i.e., the month of the Petition Date") through February 2016.   A redacted copy of the pertinent portions of the July 27 Credit Report is attached as **Exhibit "3"** hereto.

14.   Defendant's reporting of the debt as "delinquent" and/or "charged off" to Experian (the "Disputed Reporting")—where it failed to send to Plaintiff any Statements—constitutes   inaccurate,   incomplete,   and   misleading   information

1   reported to Experian.

2        15.   Despite receiving no Statements since the Petition Date, on or about

3   August 9, 2016, Plaintiff sent to Defendant a check in the amount of what she

4   believed was the outstanding balance on the Wells Fargo Account to pay off the

5   debt.  Despite cashing such check sent by Plaintiff, at all times relevant to this

6   Complaint, Plaintiff's credit report does not reflect that the outstanding balance on

7   the Wells Fargo Account had been paid off and the that "charged off" entries have

8   been removed.

9        16.   In an informal attempt to resolve the Disputed Reporting without

10  litigation, counsel for Plaintiff sent to Defendant, via electronic mail, a letter dated

11  November 24, 2015 (the "November 24 Letter") notifying Defendant of the

12  inaccuracies on Plaintiff's credit report and requesting that such inaccuracies be

13  corrected:  "Wells Fargo (while ceasing to send monthly statements) has continued

14  to report on Mrs. Mehta's credit report, the account delinquent 30, 60, 90, since the

15  inception of [the bankruptcy] case.".  A true and copy of the November 24 Letter is

16  attached as **Exhibit "4"** hereto.

17       17.   After waiting approximately thirty (30) days and receiving no response

18  from Defendant, counsel for Plaintiff sent another email to Defendant on January 5,

19  2016 to follow up on the November 24 Letter and the Disputed Reporting (the

20  "January 5 E-Mail"), and to attempt to resolve the matter without litigation:  "On

21  the one hand, the credit report identifies payments as late, yet on the other, it

22  appears that no statements have been provided.  My clients have been and remain

23  willing to pay this matter to avoid unnecessary attorney fees to resolve this matter."

24  A true and copy of the January 6 E-Mail is attached as **Exhibit "5"** hereto.

25       18.   Upon receiving no response from Defendant regarding removal of the

26  Disputed Information after several phone calls, e-mails, and letters, on August 29,

27  2016, Plaintiff disputed the Disputed Reporting pursuant to 15 U.S.C. § 1681i(a),

28  by notifying Experian in writing (the "Dispute Letter").  Plaintiff also provided

4

supporting documentation evidencing the Disputed Reporting on the Wells Fargo Account.  A redacted copy of the pertinent portions of the Dispute Letter is attached as **Exhibit "6"** hereto.

19.   Upon receipt of the Dispute Letter, Experian was obligated to conduct a reasonable investigation concerning the Disputed Information and, following FCRA procedures, send a notice of dispute (the "Dispute Notice") to Defendant informing it that Plaintiff was disputing its reporting on the Wells Fargo Account.

20.   Upon receipt of the Dispute Notice, Defendant was obligated to conduct a reasonable investigation of the dispute, and to report the results of its investigation to Experian.

21.   Between thirty (30) to forty-five (45) days after the Dispute Letter was sent to Experian, Plaintiff received the "*Dispute Results*" dated September 24, 2016 from Experian (the "Dispute Results").   The Dispute Results indicate that the "reinvestigation of the dispute" was complete and that it had "contacted the [Defendant] . . . supplied [Defendant] all relevant information and any documents . . . , and instructed [Defendant] to: review all information . . . ; verify the accuracy of the information; provide [Experian] a response to [the] dispute; and update [Defendant's] records and systems as necessary."   The Dispute Results allegedly confirmed that the Wells Fargo Account, as previously reported by Defendant on Plaintiff's credit report, was accurate, and did not correct the Disputed Reporting (i.e., by removing the "charged off" status and entries on the Wells Fargo Account). The Dispute Results only updated the: (1) status of the Wells Fargo Account as "Paid, Closed.  $1,796 written off"; and (2) added a comment stating "Completed investigation of FCRA dispute – consumer disagrees.  This item was updated from our processing of your dispute in Sep 2016."   A redacted copy of the pertinent portions of the Dispute Results is attached as **Exhibit "7"** hereto.

22.   Defendant, upon receiving the Dispute Notice and the information sent to it by Experian, failed to conduct a reasonable investigation of the dispute, as

required by 15 U.S.C. § 1681s-2(b)(1)(A); instead, Defendant merely reported the same inaccurate information that it had previously reported to Experian.

23.   Defendant failed to review all relevant information provided by Experian in its Dispute Notice, which should have included Plaintiff's Dispute Letter, as required by 15 U.S.C. § 1681s-2(b)(1)(B).

24.   Defendant, upon discovering that the Disputed Reporting was false, incomplete and/or inaccurate, failed to correct and/or report such results with Experian or any other CRAs, as required by 15 U.S.C. § 1681s-2(b)(1)(C), (D), &(E).

25.   Defendant's Disputed Reporting has damaged, defamed, disparaged, and injured Plaintiff and her reputation, and has also caused pain and suffering.

## FIRST CLAIM FOR RELIEF

### [Violations Of The Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *Et Seq.*]

26.   Plaintiff realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1-25, inclusive, as though fully set forth herein.

27.   The Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (the "FRCA"), requires Wells Fargo, after receiving the Dispute Notice from Experian, to conduct a reasonable investigation with respect to the Disputed Information, to review all relevant information, to report the results of the investigation to Experian, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which Experian has provided the inaccurate information.

28.   Defendant provided inaccurate, incomplete, and misleading information to Experian, consisting of the "delinquent" and "charged off" status and monthly payment entries on Plaintiff's credit report.

29.   Wells Fargo violated 15 U.S.C. § 1681n and 15 U.S.C. § 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b) by:

- Willfully and negligently failing to conduct a reasonable

6

investigation of the Disputed Information on Plaintiff's credit report;

- Willfully and negligently failing to review all relevant information concerning the Wells Fargo Account provided to it by Experian;

- Willfully and negligently failing to report the status and results of such reasonable investigation of the Disputed Information to Experian;

- Willfully and negligently failing to properly participate, investigate, and comply with the reinvestigation conducted by Experian;

- Willfully and negligently failing to provide Experian with the factual information and evidence, within its possession or otherwise, that proved that the Disputed Information on Plaintiff's credit report was inaccurate or incomplete;

- Willfully and negligently continuing to furnish and disseminate inaccurate, incomplete, and derogatory credit reporting information concerning the Wells Fargo Account to Experian; and

- Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to the FRCA.

30.   Defendant's previous and continual neglect of its duties to investigate, correct, and report the inaccurate Disputed Reporting on Plaintiff's credit report—despite being sent multiple emails, letters, and telephone calls by Plaintiff and Experian—is the result of its negligence and or willful failure to comply with the FCRA.  As a result of such violations, plaintiff suffered and is entitled to an award of damages.

## SECOND CLAIM FOR RELIEF

**[Violations Of The California Consumer Credit Reporting Agencies Act,**

**Cal. Civ. Code § 1785.25(a)]**

31.   Plaintiff realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1-30, inclusive, as though fully set forth herein.

32.   California Civil Code ("CCP") § 1785.25(a) states that a "person shall

7

1  not furnish information on a specific transaction or experience to any consumer

2  credit reporting agency if the person knows the information is incomplete or

3  inaccurate." Cal. Civ. Code § 1785.25(a).

4      33.    Defendant   negligently   and   willfully   furnished   the   Disputed

5  Information to Experian that it knew or should have known was inaccurate.

6  Specifically, since the Petition Date, despite the fact that Plaintiff was not a debtor

7  in bankruptcy and there was an alleged outstanding balance on the Wells Fargo

8  Account, Defendant failed to send any Statements to Plaintiff and then proceeded to

9  inaccurately and incompletely report to Experian that the debt was "delinquent" or

10  "charged off."

11      34.    Defendant failed to remove the inaccurate Disputed Information that it

12  has furnished to Experian, even after being informed of the inaccuracies by Plaintiff

13  multiple times, including after being sent the Dispute Notice from Experian.

14      35.    Based on these violations of CCP § 1785.25(a), Plaintiff is entitled to

15  the remedies afforded by CCP § 1785.31, including actual damages, attorney's fees,

16  pain and suffering, injunctive relief, and punitive damages as the Court deems

17  proper.

18  **THIRD CLAIM FOR RELIEF**

19  **[Libel]**

20      36.    Plaintiff realleges and incorporates herein by reference all of the

21  allegations set forth in Paragraphs 1-35, inclusive, as though fully set forth herein.

22      37.    The conduct of Defendant constitutes libel that tends to defame,

23  disparage, and injure Plaintiff and her reputation, and has also caused pain and

24  suffering.   Such libel—consisting of the inaccurate, incomplete, and/or false

25  publishing of the "delinquent" and "charged off" status and monthly payment

26  entries on Plaintiff's credit report—has occurred on a continuous basis from

27  approximately October 2013.

28      38.    As a result of Defendant's acts and omissions, Plaintiff has been

1  injured in an amount yet to be ascertained.

2       39.   The conduct of Defendant as alleged herein is willful, fraudulent,

3  malicious, oppressive, and done with intent to injure Plaintiff.  As a result Plaintiff

4  is entitled to an award of punitive damages in an amount yet to be ascertained.

5  **FOURTH CLAIM FOR RELIEF**

6  **[Declaratory Relief]**

7       40.   Plaintiff realleges and incorporates herein by reference all of the

8  allegations set forth in Paragraphs 1-39, inclusive, as though fully set forth herein.

9       41.   A present and actual controversy exists between and among Plaintiff,

10  on the one hand, and Defendant, on the other hand, as to whether the Disputed

11  Information on Plaintiff's credit report constitutes false, inaccurate, and incomplete

12  information that should be removed.

13       42.   Specifically, the Disputed Information—consisting of the inaccurate,

14  incomplete, and/or false "delinquent" and "charged off" status and monthly

15  payment entries on Plaintiff's credit report—was reported despite the fact that: (1)

16  Defendant had failed to send Plaintiff any Statements since the Petition Date; and

17  (2) Plaintiff sent a check in an attempt to pay off the balance on the Wells Fargo

18  Account that was subsequently cashed by Defendant.

19       43.   Accordingly, an actual, justiciable controversy exists between

20  Plaintiff, on the one hand, and Defendant, on the other, relating to whether the

21  Disputed Information is false, inaccurate, and incomplete, such that it should be

22  removed from Plaintiff's credit report.  This Court has the power to adjudicate the

23  rights of the parties with respect to this controversy and should grant the declaratory

24  relief requested in this Complaint.

25  **PRAYER FOR RELIEF**

26      **WHEREFORE,** Trustee prays for judgment as follows:

27      A.   <u>On the First Claim for Relief</u>: for an order awarding (1) actual

28  damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), and 15 U.S.C. § 1681o(a)(1);

(2) punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and (3) costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(2).

B.    <u>On the Second Claim for Relief</u>: for an order awarding (1) actual damages; (2) punitive damages and statutory penalties; (3) costs of litigation and reasonable attorney's fees; and (4) injunctive relief.

C.    <u>On the Third Claim for Relief</u>: for an order awarding (1) actual damages according to proof and authorized by law; (2) punitive damages and statutory penalties; and (3) costs of litigation and reasonable attorney's fees as permitted by law.

C.    <u>On the Fourth Claim for Relief</u>: for an order for a judicial determination that the Disputed Reporting is false, incomplete, and inaccurate and should be removed from Plaintiff's credit report.

D.    <u>On All Claims for Relief</u>: for an order (1) requiring Wells Fargo to take any and all steps necessary to remove the Disputed Information from Plaintiff's credit report; and (2) granting such other and further relief as the Court deems just and proper.

DATED: March 31, 2017          LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.


By:    _/s/ Kurt Ramlo_____
        DAVID B. GOLUBCHIK
        KURT RAMLO
        JEFFREY S. KWONG
        Attorneys for Plaintiff, Jaishri Mehta

1

## **DEMAND FOR JURY TRIAL**

2

      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a jury

3

trial on all matters so triable.

4

DATED: March 31, 2017     LEVENE, NEALE, BENDER, YOO & BRILL

5

L.L.P.

6

7

By:     */s/ Kurt Ramlo*

         DAVID B. GOLUBCHIK

8

         KURT RAMLO

         JEFFREY S. KWONG

9

         Attorneys for Plaintiff, Jaishri Mehta

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28