JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAISHRI MEHTA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. CV 17-02532-AB (SSx)<br><br>ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT |

## I. INTRODUCTION

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to Dismiss Second Amended Complaint. (Dkt. No. 41 ("Mot.")). After considering the papers filed in support of and in opposition to the instant Motion, as well as the oral argument of counsel, the Court **GRANTS** Defendant's Motion.

## II. BACKGROUND

### A. Factual Background

In May 1989, Jaishri Mehta ("Plaintiff") and her husband opened a joint credit card account with Defendant ("Credit Card Account"). (Dkt. No. 38 ("SAC") ¶ 10.) According to Plaintiff, the Credit Card Account agreement required Defendant to send Plaintiff and her husband regular billing statements. (SAC ¶ 10.)

1.

1       In October 2013, Plaintiff's husband filed for bankruptcy in the Central District
2 of California. (SAC ¶ 12.) In connection with the unpaid charges on the Credit Card
3 Account, Defendant filed proof of a claim in the amount of $1,551.40 against
4 Plaintiff's husband's bankruptcy estate. (SAC ¶ 12.) "In accordance with 11 U.S.C.
5 § 362(a)(6), [Plaintiff's husband's] filing of [his] [b]ankruptcy [c]ase gave rise to an
6 automatic stay against any act to collect, assess, or recover a claim for the unpaid
7 amounts of the Credit Card Account from [Plaintiff's husband.]" (SAC ¶ 13.)
8 Following the commencement of bankruptcy proceedings, Defendant ceased sending
9 Plaintiff billing statements for the Credit Card Account. (SAC ¶ 14.) Plaintiff alleges
10 that after the commencement of her husband's bankruptcy proceedings, "Plaintiff
11 contacted Defendant by phone . . . and requested Defendant to send her a billing
12 statement." (SAC ¶ 14.) According to Plaintiff, "Defendant failed to send Plaintiff a
13 billing statement in response to her request." (SAC ¶ 14.) Plaintiff ceased making
14 credit card payments to Defendant, and Defendant began reporting Plaintiff as
15 delinquent on her Credit Card Account to Experian. (SAC ¶¶ 15–20.) Defendant
16 eventually reported Plaintiff's Credit Card Account as "charged off." (SAC ¶ 20.)

17       "Despite receiving no billing statements since the [commencement of her
18 husband's bankruptcy proceedings in October 2013,] or in response to her request, on
19 or about August 9, 2016, Plaintiff sent [] Defendant a check in the amount of what she
20 believed was the outstanding balance on the Credit Card Account to pay off the debt."
21 (SAC ¶ 21.) "In an informal attempt to resolve the [d]elinqency [c]ontentions and the
22 [d]isputed [r]eporting without litigation, counsel for Plaintiff sent [] Defendant, via
23 electronic mail, a letter dated November 24, 2015[,] . . . notifying Defendant of the
24 inaccuracies on Plaintiff's credit report and requesting that such inaccuracies be
25 corrected: 'Wells Fargo (while ceasing and refusing to send statements) has continued
26 to report on [Plaintiff's] credit report, the account delinquent 30, 60, 90, since the
27 inception of [the bankruptcy] case.'" (SAC ¶ 22.) "After waiting approximately
28 thirty [] days and receiving no response from Defendant, counsel for Plaintiff sent

another email to Defendant on January 5, 2016 . . . : 'On the one hand, the credit report identifies payments as late, yet on the other, it appears that no statements have been provided.'" (SAC ¶ 23.)

Plaintiff did not receive a response to her emails, and so, on August 29, 2016, Plaintiff sent Experian a dispute letter contesting the accuracy of her credit report. (SAC ¶ 24.) In essence, Plaintiff claimed her credit report was inaccurate because Defendant's failure to send billing statements precluded Plaintiff from timely paying what she owed. (SAC ¶ 24, Ex. 6.) On September 24, 2016, Experian sent Plaintiff a letter with the results of its investigation into the dispute. (SAC ¶ 27.) The letter stated "that the 'reinvestigation of the dispute was complete' and that [Experian] had 'contacted [] [Defendant]'" and asked Defendant to review its records, "'verify the accuracy of the information[,] provide [Experian] a response to [the] dispute[,] and update [Defendant's] records as necessary.'" (SAC ¶ 27.) The letter "confirmed that the Credit Card Account, as previously reported by Defendant on Plaintiff's credit report, was accurate, and did not correct the [d]isputed [r]eporting (i.e., by removing the 'charged off' status and 'delinquent' entries on the Credit Card Account)." (SAC ¶ 27.) The reporting on the Credit Card Account, was however, updated to reflect that the Credit Card Account was "Paid, Closed.  $1,796 written off[,]" and a comment was added, which stated, "Completed investigation of FCRA dispute – consumer disagrees.  This item was updated from our processing of your dispute in Sep 2016." (SAC ¶ 27 (internal quotation marks omitted).)

### B. Procedural History

Plaintiff filed this action in this Court on March 31, 2017. (Dkt. No. 1.) Plaintiff filed her First Amended Complaint on July 24, 2017. (Dkt. No. 26 ("FAC").) In Plaintiff's FAC, Plaintiff alleged three claims for relief: (1) violation of Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"); (2) violation of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) ("CCRAA"); and (3) declaratory relief. (FAC.) This Court granted

Defendant's Motion to Dismiss Plaintiff's FAC on October 17, 2017. (Dkt. No. 37.)

Plaintiff filed her SAC on November 7, 2017. (*See* SAC.) Plaintiff again alleges violations of the FCRA and the CCRAA. (SAC ¶¶ 35–44.) But instead of alleging one claim for declaratory relief, like Plaintiff did in the FAC, Plaintiff now alleges two claims for declaratory relief. (SAC ¶¶ 32–34, 45–48.) Plaintiff has defined these two declaratory relief claims as: "Declaratory Relief – 'No Delinquencies'" and "Declaratory Relief (FCRA and CCRAA)." (SAC at 1.)

Defendant filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint on December 5, 2017. (Mot.) Plaintiff opposed on December 22, 2017. (Dkt. No. 43.) Defendant replied on December 29, 2017. (Dkt. No. 44.)

## III. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration in original; citation and internal

quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original; internal quotation marks and citation omitted). The court must discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, the court must determine "whether they plausibly give rise to entitlement to relief." *See id.*; *accord Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

Where a court grants a motion to dismiss, it should grant leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## IV. DISCUSSION[1]

### A. FCRA Claim

Congress enacted the FCRA to ensure fair and accurate reporting of consumers' credit information. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009). It requires entities that provide information to credit reporting agencies, or "furnishers," to properly report and investigate inaccuracies in consumers' credit reports. *Id.*; 15 U.S.C. § 1681s-2. Once a furnisher receives notice from a credit reporting agency that a consumer disputes the accuracy of a credit report, it must

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency . . . ;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

---

[1] Along with its Motion, Defendant filed a Request for Judicial Notice. (Dkt. No. 41-1.) Defendant requests that the Court take judicial notice of (1) Plaintiff's husband's Voluntary Chapter 13 Bankruptcy Petition, and (2) the Discharge of Debtor entered in Case No. 13-34629 before the United States Bankruptcy Court for the Central District of California. (Dkt. No. 41-1.) The Court grants Defendant's Request for Judicial Notice as courts "may take judicial notice of court filings and other matters of public record." *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

A claim under 15 U.S.C. § 1681s-2(b), like Plaintiff's, challenges a furnisher's failure to investigate and correct inaccurate credit information. *See Gorman*, 584 F.3d at 1155–56. An essential element of such a claim is that the credit report was inaccurate in the first place. *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010) (holding that "absent a showing of actual inaccuracy on a reinvestigation," an FCRA claim fails); *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (explaining the inaccuracy requirement of the FCRA). The alleged inaccuracy must be a factual inaccuracy; "the presentation of legal defenses to payment will not suffice." *Biggs*, 209 F. Supp. 3d at 1144 (emphasis omitted); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) ("[C]ourts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims."); *Chiang*, 595 F.3d at 38 ("[F]urnishers are 'neither qualified nor obligated to resolve' matters that 'turn[] on questions that can only be resolved by a court of law.'").

Here, just as the Court found in its Order dismissing Plaintiff's FAC, Plaintiff fails to identify a factual inaccuracy in her credit report. She does not allege that the delinquencies in her credit report "do[] not pertain to her, that the amount past due is too high or low, or that any of the listed dates are wrong." *Carvalho*, 629 F.3d at 891. Rather, she claims her credit report was inaccurate because Defendant failed to send her billing statements, thereby excusing her from having to pay her outstanding balance. (SAC ¶¶ 10, 13–17.) This assertion—that Defendant's failure to perform all of its contractual obligations absolved Plaintiff of her own duty to pay—is simply a contractual defense to the underlying debt. The FCRA does not require Defendant to adjudicate Plaintiff's legal contentions in the course of a credit investigation. *Biggs*, 209 F. Supp. 3d at 1144 (stating that "the presentation of legal defenses to payment will not suffice"); *see also Carvalho*, 629 F.3d at 891 ("[C]ourts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims."). Because Plaintiff does not allege facts to

support that her credit report was factually inaccurate, she has failed to state an FCRA claim.

### B. CCRAA Claim

The CCRAA "is substantially based on the [FCRA]." *Carvalho*, 629 F.3d at 889 (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3 (2003)) (internal quotation marks omitted). Establishing a violation of California Civil Code section 1785.25(a) "requires substantially similar information as a violation of the FCRA." *Prosser v. Navient Sols., Inc.*, No. 15-CV-01036-SC, 2015 WL 5168635, at *11 (N.D. Cal. Sept. 3, 2015). For the same reasons Plaintiff failed to state an FCRA claim, she likewise has not stated a CCRAA claim. *See id.*

### C. Declaratory Relief Claims

The key difference between the FAC and the SAC, is that Plaintiff adds another claim for declaratory relief, but as this Court held in its Order dismissing Plaintiff's FAC, Plaintiff cannot obtain declaratory relief without pleading a valid underlying claim. *Layton v. Ocwen Loan Servicing, LLC*, No. EDCV 15-840-GW(Ex), 2015 WL 4512015, at *6 (C.D. Cal. July 23, 2015) ("[A]s claims for declaratory relief are not independent causes of action, a plaintiff generally is not entitled to declaratory relief absent a valid underlying claim."); *Bates v. Suntrust Mortg., Inc.*, No. 2:13-CV-01402-TLN-DA, 2013 WL 6491528, at *2 (E.D. Cal. Dec. 10, 2013) ("A declaratory relief cause of action cannot survive a motion to dismiss when the substantive claims on which it is based are dismissed.").

As explained above, Plaintiff does not allege sufficient facts to support her FRCA or CCRAA claims. The SAC therefore does not set forth a valid underlying claim upon which the Court can grant declaratory relief.

//
//
//
//

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's SAC without leave to amend, as Plaintiff's repeated attempts to state a claim demonstrate that amendment would be futile. *See Bonin*, 59 F.3d at 845 ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

The Pretrial Conference and Jury Trial dates are hereby vacated.

**IT IS SO ORDERED.**

Dated:  February 6, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE